IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| EUGENE A. MYCHALOWYCH, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff United States of America, by and through its counsel, Robert E. O'Neill, United States Attorney for the Middle District of Florida, complains and alleges as follows:

1. This action is brought to reduce to a judgment trust fund recovery penalty assessed against Eugene Mychalowich pursuant to 26 U.S.C. § 6672.

2. This action is commenced at the direction of the Attorney General of the United States, and with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, pursuant to Section 7401 of the Internal Revenue Code (Title 26, United States Code).

3. Jurisdiction over this civil action is vested in this Court by Sections 1340 and 1345 of Title 28, United States Code, and by Section 7402 of the Internal Revenue Code.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1396.

5. Defendant Eugene Mychalowych resides at 7816 32nd Street E, Sarasota, Florida, within this judicial district.

6. On November 4, 1999, a delegate of the Secretary of the Treasury of the United States assessed a trust fund recovery penalty of $37,941.14 against Eugene Mychalowych as a responsible officer of Datanet Technologies, Inc., because he willfully failed to truthfully account for, collect, and pay over the income and employment taxes withheld from the company's employees for the tax periods ending on March 31, 1995, June 30, 1995 and September 30, 1995.

7. Notices of the assessment described in paragraph 6 above, and demands for payment thereof, were duly made as provided by law. Defendant Eugene Mychalowych has failed and refused to pay the entire amount of the tax liability described in paragraph 6 above.

8. As of December 15, 2010, Eugene Mychalowych owes the sum of $67,090.16 for the trust fund recovery penalty assessed against him for the tax period ending on September 30, 1995, plus further interest and statutory additions thereon as allowed by law.

9. On October 4, 2000 Mychalowych submitted an offer in compromise to the IRS to compromise his liability for the trust fund recovery penalty described above. The offer in compromise was rejected on January 21, 2003.

10. Generally the limitations period to collect an unpaid tax is ten years from the date of assessment. See 26 U.S.C. § 6502(a)(1). In this case, however, this time period was tolled pursuant to 26 U.S.C. § 6331(k) and 6503(a)(1) between March 9, 2002 and the date Mychalowych's offer in compromise was rejected, or 319 days, plus an additional 90 days thereafter. Accordingly, the statute of limitations to collect this liability was extended through this tolling from November 4, 2009 to December 18, 2010, and this suit is timely.

WHEREFORE, the United States of America demands that this Court order, adjudge and decree as follows:

a. That Eugene Mychalowych is indebted to the United States of America for the unpaid trust fund recovery penalty for the tax periods ending on September 30, 1995, totaling $67,090.16 as of December 15, 2010, and enter judgment in favor of the United States and against Mychalowych in such amount; and

b. That the United States be granted its costs in this action, and such other and such further relief as justice requires.

Respectfully submitted,

JOHN A. DICICCO
Acting Assistant Attorney General

By: /s/ Rachael Amy Kamons
RACHAEL AMY KAMONS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5890
Facsimile: (202) 514-9868
Email: Rachael.A.Kamons@usdoj.gov

Of counsel:

ROBERT E. O'NEILL
United States Attorney